Michael R. Johnson, Esq. (A7070)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
E-mail: mjohnson@rqn.com

*Proposed General Bankruptcy Counsel for Harbor Real Asset Fund, L.P.
Debtor and Debtor-in-Possession*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>HRAF HOLDINGS, LLC,<br><br>Debtor-in-Possession. | **Bankruptcy Case No 10-32433 (RKM)**<br>Chapter 11<br>Honorable R. Kimball Mosier<br><br>[Filed Electronically] |
| In re:<br><br>HARBOR REAL ASSET FUND, L.P.,<br><br>Debtor-in-Possession. | **Bankruptcy Case No 10-32436 (RKM)**<br>Chapter 11<br>Honorable R. Kimball Mosier<br><br>[Filed Electronically] |

**DEBTOR HARBOR REAL ASSET FUND, L.P.'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY RAY QUINNEY & NEBEKER P.C. AS ITS GENERAL BANKRUPTCY COUNSEL**

Harbor Real Asset Fund, L.P., the debtor and debtor-in-possession in the above-entitled Chapter 11 case (the "**Debtor**"), hereby files this *Application for Entry of an Order Authorizing*

*the Debtor to Retain and Employ Ray Quinney & Nebeker P.C. as its General Bankruptcy Counsel* (the "**Application**") in accordance with 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014.

Pursuant to this Application, the Debtor seeks to retain and employ Michael R. Johnson and the law firm of Ray Quinney & Nebeker P.C. (collectively, "**RQN**") as its general bankruptcy counsel in the above-entitled Chapter 11 case (the "**Case**"), at RQN's usual and customary rates, and with payment for services rendered and reimbursement of costs advanced to be made to RQN only after appropriate notice and a hearing. In support of this Application, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327 and 330 of Title 11 of the United States Code, and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

3. No prior application has been filed seeking the relief requested herein. Previously, the Debtor requested authority to engage George B. Hoffman and the law firm of Parsons Kinghorn Harris, P.C. (collectively, "**PKH**") to represent it as its general bankruptcy counsel in this Case, but the Court declined to approve that engagement because PKH also was representing HRAF Holdings, LLC ("**HRAF**") in HRAF's separate Chapter 11 case, and the Court believed that the Debtor and HRAF should be represented by separate counsel.

## RETENTION OF RAY QUINNEY & NEBEKER PC AS COUNSEL

4. The Debtor commenced this Case by filing its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") on September 9, 2010 (the "**Petition Date**").

5. No trustee or examiner has been appointed in this Case.

6. The Chapter 11 petition was initially filed by PKH on behalf of the Debtor. PKH also filed a separate Chapter 11 bankruptcy petition on September 9, 2010 on behalf of HRAF, Case No. 10-32433.

7. The Debtor and HRAF each made application to the Court to employ PKH as general bankruptcy counsel for each of the Debtors' estates, but the Court concluded that PKH could represent only one estate and PKH has elected to represent HRAF's estate. Accordingly, the Debtor has been required to engage separate counsel to represent it as its general bankruptcy counsel in its Case.

8. Through this Application, the Debtor is seeking to employ and retain RQN as its bankruptcy counsel, pursuant to section 327(a) of the Bankruptcy Code, with such employment being effective as of October 7, 2010, the date that RQN agreed to represent the Debtor in this Case.

9. The Debtor has selected RQN to serve as its general bankruptcy counsel based upon recommendations from PKH, and also because its attorneys have extensive experience and

knowledge of bankruptcy, business reorganization, and debtor/creditor matters. In addition, certain attorneys at RQN have extensive experience and knowledge in other areas of law which are likely to be involved in this case.

10. RQN is both well-qualified and uniquely able to represent the Debtor's estate in an efficient, effective and timely manner. RQN's retention is necessary and in the best interests of the Debtor in the above-captioned Case, and it should be approved.

11. RQN has indicated its willingness to represent the Debtor in this Case, to render the services and to be compensated as set forth below.

**SERVICES TO BE RENDERED**

12. The services of attorneys are necessary to enable the Debtor to reorganize and restructure its business in these proceedings, including prosecution of the draft Disclosure Statement and Plan that is currently on file with the Court. RQN may be required to render all or some of the following services to the Debtor:

a. Preparing on behalf of the Debtor any necessary motions, applications, answers, orders, reports and papers as required by applicable bankruptcy or non-bankruptcy law, dictated by the demands of the case, or required by the Court, and to represent the Debtor in proceedings or hearings related thereto;

b. Assisting the Debtor in analyzing and pursuing possible business reorganizations;

c. Assisting the Debtor in analyzing and pursuing any proposed dispositions of assets of the Debtor's estate;

d. Reviewing, analyzing and advising the Debtor regarding claims or causes of action to be pursued on behalf of its estate;

e. Reviewing, analyzing and advising the Debtor regarding issues involving the Debtor and HRAF;

f. Attending the § 341 meeting of creditors, and assisting the Debtor in providing information to creditors and other parties in interest;

g. Reviewing, analyzing and advising the Debtor regarding any fee applications or other issues involving professional compensation in the Debtor's case;

h. Preparing and advising the Debtor regarding the chapter 11 plan filed by the Debtor;

i. Assisting the Debtor in negotiations with various creditor constituencies regarding the treatment, resolution and payment of creditor claims in the Case;

j. Reviewing and analyzing the validity of claims filed in the Case, and advising the Debtor as to the filing of objections to claims, if necessary;

k. Providing continuing legal advice with respect to the bankruptcy estate, litigation, avoidance actions and other legal matters;

l. Assisting the Debtor with Disclosure Statement and Plan issues, including drafting any required amendments or modifications to the Disclosure Statement and Plan that is currently on file in this Case; and

m. Performing all other necessary legal services as may be required by the needs of the Debtor in the above-captioned case.

## RAY QUINNEY & NEBEKER HOLDS NO ADVERSE INTEREST

13. To the best of the Debtor's knowledge, neither RQN nor its members or associates have any undisclosed connection with the Debtor, or any one of its creditors or any party in interest, or its respective attorneys or accountants, or any other interest adverse to the estate. All connections to the Debtor, its creditors or any party in interest are set forth in the *Declaration of Michael Johnson* (the "**Johnson Declaration**") which is attached hereto and incorporated herein by reference as Exhibit "A." The Debtor does not believe that any of the

matters set forth in the Johnson Declaration prevent RQN from serving as the Debtor's counsel in this Case, based on the limitations and conditions explained in such declaration.

14. To the best of the Debtor's knowledge, RQN and its attorneys are disinterested persons as provided in sections 101(14) and 327 of the Bankruptcy Code, and do not represent or hold an undisclosed interest adverse to the interest of the Debtor or its estate.

15. The Debtor recognizes that, from time to time, it may be necessary or desirable to employ other special counsel on specific matters and/or to employ conflict counsel to the extent any unforeseen conflicts of interest arise. If that occurs, the Debtor will apply to this Court for permission to employ another law firm or attorney to represent it as special counsel on such matters in accordance with section 327(e) of the Bankruptcy Code.

**COMPENSATION**

16. The Debtor desires to employ RQN with reasonable compensation to be based upon RQN's normal hourly rates in matters of this type, subject to all necessary approvals of the Court. RQN has not received a retainer from the Debtor in this Case, but understands that PKH currently holds a retainer in the amount of $11,162.12 paid by the Debtor, and that said retainer will continue be held by PKH as a retainer to secure partial or total payment of RQN's allowed fees and costs. The Debtor understands that RQN will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and local rules and orders of this Court for all services performed and expenses incurred, and that it will then seek payment of any

allowed fees and costs both from the retainer being held by PKH, and from the general, unencumbered assets of the Debtor.

17. Michael R. Johnson, a Shareholder and Director of RQN, will be the principal RQN attorney handling this case for the Debtor. Mr. Johnson's standard hourly rate is $345.00. The range of current hourly billing rates for attorneys and paralegals likely to perform services in this case are as follows:

| | |
|---|---|
| Shareholders: | $210.00 to $345.00 |
| Of Counsels: | $255.00 to $290.00 |
| Associates: | $160.00 to $220.00 |
| Paralegals: | $115.00 to $135.00 |

18. These hourly rates are subject to annual adjustment as of January 1st each year to reflect economic and other conditions, as well as counsel's experience and expertise in their respective areas of law. RQN will make periodic applications for interim compensation, and upon the completion of the case, a final application for final compensation.

19. RQN's statement of compensation paid or promised to be paid in this Case, executed in accordance with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, has already been filed with the Court and is incorporated herein by this reference.

20. RQN maintains detailed records of any actual and necessary expenses for which it may seek reimbursement. RQN will seek reimbursement for its non-overhead, identifiable expenses incurred in connection with this Case including, among other things, telephone and telecopier toll charges, express mail and mass mail postage charges, expenses for computerized research, transcription costs, courier services, and travel costs where necessary.

21. The professionals rendering services will also keep detailed records in connection with such services as required by the Bankruptcy Code. Time will be recorded in increments of 1/10th of an hour, and all attorneys and paralegals will be required to keep detailed time records in connection with services rendered herein.

22. RQN has not entered into any agreement to share compensation as may be awarded to it for services rendered in this case except as permitted under section 504(b) of the Bankruptcy Code.

**NOTICE**

23. No creditors committee has been appointed in this Chapter 11 case. Notice of this Application, of the hearing thereon and of the objection deadline related thereto has been or timely will be given to the United States Trustee for the District of Utah, to all parties reflected on the mailing matrix filed in conjunction with the Chapter 11 Bankruptcy Petition, to all persons who have filed a Notice of Appearance and Request for Notice in the case, and to all other persons as directed by the Court or as required by the Local Rules of the Court.

24. No previous request for the relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that (a) it be authorized, pursuant to 11 U.S.C. § 327, and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ the law firm of Ray Quinney & Nebeker P.C. as its bankruptcy counsel to represent it in this Chapter 11 case, with such employment being effective

as of October 7, 2010; and (b) the Court grant such other and further relief as this Court deems just and necessary.

DATED this 13 day of October, 2010.

HARBOR REAL ASSET FUND L.P.

By: [signature]

Ryan Relyea, Managing Director of Harbor Capital Partners LLC, General Partner of Harbor Real Asset Fund L.P.

Agreed to:

RAY QUINNEY & NEBEKER P.C.

[signature]

Michael R. Johnson
*Proposed Bankruptcy Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of October, 2010 the foregoing *Application of the Debtor For Entry Of An Order Approving The Employment Of Ray Quinney & Nebeker P.C. As Bankruptcy Counsel* and the *Declaration of Michael R. Johnson* were electronically filed in case no 10-32433 the and therefore served via ECF on the following:

- Matthew M. Boley mmb@pkhlawyers.com, dh@pkhlawyers.com
- Laurie A. Cayton tr laurie.cayton@usdoj.gov, james.gee@usdoj.gov
- George B. Hofmann gbh@pkhlawyers.com, dh@pkhlawyers.com
- Vernon L. Hopkinson vern@crslaw.com
- David E. Leta dleta@swlaw.com, wsmart@swlaw.com
- Steven C. Strong scs@pkhlawyers.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov
- Kent O. Willis ucadm.kentw@state.ut.us

I further certify that on the 14th day of October, 2010, true and correct copies of the foregoing Application and the Declaration of Michael R. Johnson were served upon the following parties via first class mail, postage prepaid.

Boise County
P.O. Box 1300
Idaho City, ID 83631-1300

Reynolds Brothers Corporation
c/o Dana T. Farmer - Smith Knowles PC
4723 Harrison Blvd., Suite 200
Ogden, UT 84403-4319

Utah County Treasurer
100 East Center, Suite 2100
Provo, UT 84606-3106

Honolulu City and County
530 South King Street, #115
Honolulu, HI 96813-3000

Draper City
1020 East Pioneer Road
Draper, UT 84020-4700

Summit County
P.O. Box 128
Coalville, UT 84017-0128

Washington County
197 E. Tabernacle
Saint George, UT 84770-3443

Salt Lake County Treasurer
2001 South State Street #N1200
Salt Lake City, UT 84141-0418

Uintah County
147 East Main Street
Vernal, UT 84078-2643

Utah County Treasurer
100 East Central St., Suite 2100
Provo, UT 84606-3106

Weber County
2380 Washington Blvd., Suite 350
Ogden, UT 84401-1469

Creek Road Owners Association
c/o Commerce Real Estate Solutions
32 West 200 South, #501
Salt Lake City, UT 84101-1603

Mountain Regional Water
P.O. Box 982320
Park City, UT 84098-2320

Wasatch County Corporation
Wasatch County Treasurer
25 N. Main
Heber City, UT 84032-1827

Kent O. Willis
Deputy Utah County Attorney
100 East Center, Suite 2400
Provo, UT 84606-3106

/s/ Carrie Hurst, Paralegal

1107576v5

# EXHIBIT "A"

Michael R. Johnson, Esq. (A7070)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
E-mail: mjohnson@rqn.com

*Proposed Counsel for Harbor Real Asset Fund, L.P.*
*Debtor and Debtor-in-Possession*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>HRAF HOLDINGS, LLC,<br><br>Debtor-in-Possession. | **Bankruptcy Case No 10-32433 (RKM)**<br>Chapter 11<br>Honorable R. Kimball Mosier<br><br>[Filed Electronically] |
| In re:<br><br>HARBOR REAL ASSET FUND, L.P.,<br><br>Debtor-in-Possession. | **Bankruptcy Case No 10-32436 (RKM)**<br>Chapter 11<br>Honorable R. Kimball Mosier<br><br>[Filed Electronically] |

**DECLARATION OF MICHAEL R. JOHNSON IN SUPPORT OF DEBTOR HARBOR REAL ASSET FUND, L.P.'S APPLICATION TO RETAIN AND EMPLOY RAY QUINNEY & NEBEKER P.C. AS ITS GENERAL BANKRUPTCY COUNSEL**

Michael R. Johnson, being of lawful age, declares, certifies, verifies and states as follows:

1. This Declaration is based upon my own personal knowledge of the facts set forth herein. I would and could testify to those facts if called upon to do so in a court of law.

2. I make this Declaration in support of the application of Harbor Real Asset Fund, L.P., the debtor and debtor-in-possession (the "**Debtor**") in the above-entitled Chapter 11 case (the "**Case**"), to retain and employ the law firm of Ray Quinney & Nebeker P.C. ("**RQN**") as its general bankruptcy counsel in the Case, in accordance with 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014.

3. I am an attorney licensed to practice before all of the courts of the State of Utah, including this Court. I am a Shareholder and Director of RQN. RQN maintains an office at 36 South State Street, 14th Floor, Salt Lake City, Utah.

4. In order to determine all connections of RQN and its attorneys to the Debtor and this case, RQN has performed a search by email within the firm to all attorneys and employees in the firm, as well as an electronic search of its databases with respect to the Debtor, the Debtor's equity security holders and all creditors in this case as reflected on the Debtor's schedules.

5. Based upon these searches and other information obtained by me, I believe that neither I, nor any of the attorneys or employees of RQN, has any conflicts of interest with the bankruptcy estate, the Debtor, creditors, equity security holders any other party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

6. By way of disclosure, RQN has in the past represented Bank of America, a secured creditor of the Debtor, in matters totally unrelated to the Debtor or this bankruptcy case. The last work performed by attorneys for the firm for Bank of America, however, was in June, 2009, and Bank of America is currently considered a former client of the firm.

7. Additionally, RQN currently represents Clark Real Estate, an unsecured creditor of the Debtor and the estate. The representation of Clark Real Estate involves a litigation matter that has no connection whatsoever with Harbor Real Asset Fund, L.P. or HRAF Holdings, LLC.

8. Furthermore, RQN currently represents Allen C. Brown and KCM Enterprises, LLC, who are or may be minority equity holders of the Debtor, in estate planning and other transactional matters totally unrelated to the Debtor or HRAF Holdings, LLC.

9. Finally, one of the Debtor's unsecured creditors, Salt Lake Sand & Gravel, is owned by the brother-in-law to Michael Spence, who also is a Shareholder and Director of RQN. RQN does not, however, currently represent Salt Lake Sand & Gravel in any matters.

10. RQN has not received a retainer from the Debtor in this Case, but understands that the law firm of Parsons Kinghorn Harris (“**PHK**”) currently holds a retainer in the amount of $11,162.12 paid by the Debtor, and that said retainer will continue be held by PKH as a retainer to secure partial or total payment of RQN's allowed fees and costs. RQN will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and local rules and orders of this Court for all services performed and expenses incurred, and will then seek payment of any allowed fees and costs both from the retainer being held by PKH, and from the general, unencumbered assets of the Debtor.

11. If its employment is approved by the Court, RQN will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and local rules and orders of this Court for all services performed and expenses incurred.

12. RQN's customary hourly rates in matters of this type are subject to change annually (typically on January 1 of each calendar year) in accordance with the firm's general billing procedures. I will be the principal RQN attorney handling this case for the Debtor. My standard hourly rate is $345.00. The range of current hourly billing rates for attorneys and paralegals likely to perform services in this case are as follows:

| | |
|---|---|
| Shareholders: | $210.00 to $345.00 |
| Of Counsels: | $255.00 to $290.00 |
| Associates: | $160.00 to $220.00 |
| Paralegals: | $115.00 to $135.00 |

13. These hourly rates are subject to annual adjustment as of January 1st each year to reflect economic and other conditions, as well as counsel's experience and expertise in their respective areas of law. RQN will make periodic applications for interim compensation, and upon the completion of the case, a final application for final compensation.

14. RQN's statement of compensation paid or promised to be paid in this Case, executed by me in accordance with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, has already been filed with the Court and is incorporated herein by this reference.

15. RQN maintains detailed records of any actual and necessary expenses for which it may seek reimbursement. RQN will seek reimbursement for its non-overhead, identifiable expenses incurred in connection with this Case including, among other things, telephone and telecopier toll charges, express mail and mass mail postage charges, expenses for computerized research, transcription costs, courier services, and travel costs where necessary.

16. I and other professionals rendering services for the Debtor in this Case will also keep detailed records in connection with such services as required by the Bankruptcy Code.

Time will be recorded in increments of 1/10th of an hour, and all attorneys and paralegals will be required to keep detailed time records in connection with services rendered herein.

17. RQN has not entered into any agreement to share compensation as may be awarded to it for services rendered in this case except as permitted under Section 504(b) of the Bankruptcy Code.

18. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

EXECUTED ON this 13th day of October, 2010 in
Salt Lake City, Utah

Michael R. Johnson, Declarant

1107599