**The below described is SIGNED.**

**Dated: October 22, 2010**  _____
                                    **R. KIMBALL MOSIER**
                                    **U.S. Bankruptcy Judge**



_____

*Order Prepared and Submitted by:*

George Hofmann (10005)
Matthew M. Boley (8536)
Steven C. Strong (6340)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, Utah  84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for Debtor-in-Possession
HRAF Holdings, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| In re<br><br>HRAF HOLDINGS, LLC, and<br>HARBOR REAL ASSET FUND, LP,<br><br>Debtors. | Bankruptcy No. 10-32433 (RKM)<br>Bankruptcy No. 10-32436  (RKM)<br><br>Jointly Administered under<br>Case No. 10-32433<br><br>Chapter 11<br><br>[Filed Electronically] |
|---|---|

**ORDER AUTHORIZING THE DEBTOR (I) TO SELL REAL PROPERTY (LOCATED AT 3198 BLUE SAGE TRAIL, PARK CITY, UTAH) FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f), (II) TO PAY REAL PROPERTY TAXES AT CLOSING, (III) TO PAY BROKER'S COMMISSIONS AND OTHER COSTS OF SALE AT CLOSING, AND (IV) TO ESCROW BALANCE OF SALE PROCEEDS PENDING FURTHER ORDER OF THE COURT**

{00105950.DOC /}

This matter came before the Court on the Motion filed by HRAF Holdings, LLC (the "Debtor") for Entry of Order Authorizing the Debtor (I) to Sell Real Property (Located at 3198 Blue Sage Trail, Park City, Utah) Free and Clear of Liens and Interests Pursuant to 11 U.S.C. §§ 363(b) and (f), (II) to Pay Real Property Taxes at Closing, (III) to Pay Broker's Commissions and Other Costs of Sale at Closing, and (IV) to the Extent Liens Exist Against the Property or its Proceeds, to Recover from the Sales Proceeds Pursuant to 11 U.S.C. § 506(c) (the "Sale Motion")

After reviewing the Sale Motion and such other matters of record as the Court deemed appropriate, upon the consent of Bank of America, N.A. (the "Bank") to the entry of this Order, and after considering such other and further matters as the Court deemed appropriate, the Court hereby

**FINDS AND CONCLUDES** as follows:

A.  the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334;

B.  the Sale Motion presents a core proceeding pursuant to 28 U.S.C. § 157;

C.  notice of the Sale Motion, and of the hearing thereon, was sent to parties in interest in accordance with Federal Rule of Bankruptcy Procedure 2002(a)(2) and other applicable requirements, and such notice was adequate and proper within the meaning of 11 U.S.C. § 102(1);

D.  no party objected to the Sale Motion, and the Bank did not object because the Debtor agreed to modify the relief requested in the Sale Motion in accordance with this Order;

E.  the proposed sale of the Debtor's real property located at approximately 3198 Blue Sage Trail, Park City, Utah 84098 (the "**Property**") to Robert J. Ivanhoe and/or his assigns (collectively, "**Buyer**") for a gross purchase price of $240,000.00 (the "**Purchase Price**"), and on the terms and conditions more particularly described in that

certain *Real Estate Purchase Contract* attached as Exhibit A to the Sale Motion (the "**REPC**"), is in the best interests of the Debtor's chapter 11 bankruptcy estate;

    F.    the Purchase Price is a fair and reasonable price for the Property;

    G.    the holders of any interests in the Property, including the holders of any secured claims, either consent to the sale or could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest;

    H.    the Debtor has incurred broker's commissions, costs of sale and other costs and expenses in connection with disposing of, *i.e.*, the sale of, the Property, as more particularly described in the Sale Motion;

    I.    under the circumstances, the Debtor is entitled to recover from the proceeds of the sale of the Property an amount sufficient to pay (i) the broker's commissions (not to exceed 6% in the aggregate of the gross sales price, and excluding any payments to insiders) and the reasonable and necessary closing costs incidental to the sale of the Property, subject to review of the Bank of a closing settlement statement and (ii) all ad valorem property taxes due in connection with the Property, including pro-rated 2010 property taxes estimated at closing;

    J.    cause exists to order that the ten-day stay otherwise applicable under Federal Rule of Bankruptcy Procedure 6004(h) should be waived in that, among other things, (i) no party in interest has objected to the Sale Motion and, therefore, no party-in-interest has a right to appeal, (ii) the proposed sale is time sensitive, and (iii) a stay of the sale order would negatively impact the Debtor and the estate by increasing the expense and burden of the Property to the estate and causing a decrease in the net proceeds payable to the Debtor;

    K.    the legal and factual bases set forth in the Sale Motion establish good cause for the relief granted herein; and

    L.    the Sale Motion is well taken, and should be granted.

{00105950.DOC /}    3

WHEREFORE, based upon the Sale Motion, the arguments and evidence received at the hearing on the Sale Motion, and the foregoing findings and conclusions it is hereby

**ORDERED** that:

1. the Sale Motion shall be, and hereby is, GRANTED as modified by this Order;

2. pursuant to 11 U.S.C. §§ 363(b) and (f) and Federal Rules of Bankruptcy Procedure 6004 and 9014, the Debtor shall be, and hereby is, authorized and empowered to sell the Property to Buyer free and clear of liens, for the Purchase Price and upon such other terms and conditions as more particularly stated in the REPC;

3. pursuant to 11 U.S.C. § 506(c) the Debtor shall be, and hereby is, authorized and empowered to pay at closing: (a) all ad valorem property taxes due in connection with the Property as of the time of closing, including a pro-rated amount of the estimated 2010 property taxes to be reflected as a credit against the Purchase Price; (b) closing costs ordinarily and usually borne by a seller at closing, as more particularly described in the REPC, but subject to review by the Bank of the closing settlement statement; and (c) broker's commissions (not to exceed 6% in the aggregate of the gross sales price, and excluding any payments to insiders) and the reasonable and necessary closing costs incidental to the sale of the Property, subject to review of the Bank of a closing settlement statement, including (a) $7,200 to the Broker (as defined in the Motion), as seller's broker, and (b) $7,200 to Summit Sotheby International Realty, as buyer's broker;

4. the sale of the Property shall be free and clear of any and all liens, encumbrances and other interests;

5. effective as of closing, any liens and interests in the Property not paid at closing, shall be, by this Order and judicial declaration, deemed released and cleared

{00105950.DOC /} 4

from the Property and shall attach, instead, to the net proceeds of the sale to the same extent, and with the same priority, as such liens attached to the Property prior to the sale ;

6. any proceeds of the sale not disbursed at closing, shall be held by the Debtor at a third-party financial institution that qualifies as a depository institution under Bankruptcy Code § 345, and will not be disbursed to the Debtor or to any party in interest absent a further Court order after notice and a hearing, pending a further determination of the priority and amounts of any liens on the Property which, by this order, have attached to said proceeds;

7. for cause shown, the ten-day stay otherwise imposed by Federal Rule Bankruptcy Procedure 6004(h) shall be, and hereby is, waived and declared inapplicable.

**--- END OF ORDER ---**

**Approved as to form:**

  /s/ David E. Leta
David E. Leta
Snell & Wilmer
Attorneys for Bank of America

{00105950.DOC /}                             5