George Hofmann (10005)
Matthew M. Boley (8536)
Steven C. Strong (6340)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for Debtor-in-Possession
HRAF HOLDINGS, LLC

Michael R. Johnson (7070)
**Ray Quinney & Nebeker P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com

Attorneys for Debtor-in-Possession
Harbor Real Asset Fund, LP

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>HRAF HOLDINGS, LLC,<br><br>Debtor. | Bankruptcy No. 10-32433 (RKM)<br><br>Chapter 11<br><br>[Filed Electronically] |
| In re<br><br>HARBOR REAL ASSET FUND, LP,<br><br>Debtor. | Bankruptcy No. 10-32436 (RKM)<br><br>Chapter 11<br><br>[Filed Electronically] |

**DEBTORS' JOINT MOTION FOR AN ORDER UNDER BANKRUPTCY CODE
SECTION 1121(d) EXTENDING THE EXCLUSIVE PERIOD DURING WHICH ONLY
THE DEBTORS MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

## **MOTION**

HRAF HOLDINGS, LLC and HARBOR REAL ASSET FUND, LP, debtors and debtors-in-possession (the "**Debtors**") in the above-captioned jointly administered and procedurally consolidated case (the "**Case**"), jointly move the Court for entry of an Order extending the exclusive periods during which only the Debtors may solicit acceptances of a chapter 11 plan of reorganization. More specifically, the Debtors respectfully ask the Court to enter an order extending the Solicitation Period (as defined below) through and until September 4, 2011, a date that is approximately 180 days after the expiration of the current Solicitation Period (as defined below) -- March 7, 2011.

Cause exists to extend the exclusive period in that, among other things, the Debtors and their largest creditor, Bank of America, N.A. ("**BofA**" or the "**bank**"), have been engaged in complicated, serious, good faith negotiations regarding the terms of the Debtors' joint plan of reorganization and the bank's treatment thereunder. These negotiations are ongoing. To date, however, the negotiations neither have resulted in a stipulated plan, nor have the negotiations resulted in stalemate or failure. Once the negotiations conclude, whether in success or failure, the Debtors anticipate filing an amended plan and amended disclosure statement, and proceeding with the plan confirmation process.

Further cause exists to extend the exclusive period in that unresolved contingencies exist which should be resolved before the Debtors finalize their plan and disclosure statement, and pursue confirmation. Specifically, the Debtors intend to file a motion for substantive consolidation and to obtain a ruling on that predicate question before finalizing their plan and disclosure statement.

In further support of the foregoing motion (the "**Motion**"), the Debtors respectfully state as follows.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    JURISDICTION AND VENUE**

1. The Court has jurisdiction to hear the Motion pursuant to 28 U.S.C. §§ 1334 and 157.

2. The Motion represents a core proceeding pursuant to 28 U.S.C. §§ 157(b).

3. Venue of the Case and of the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The legal predicate for the relief requested in the Motion is section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**").

**II.   BACKGROUND**

5. The Debtors both filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on September 9, 2010 (the "**Petition Date**").

6. The Court entered an Order providing for the joint administration and procedural consolidation of the Debtors' two chapter 11 bankruptcy cases on or about September 10, 2010.

7. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, each of the Debtors is operating its business and managing its property as a debtor-in-possession.

8. No examiner or trustee has been appointed in the Case.

**III.  FACTS RELEVANT TO THE MOTION**

9. The Debtors filed a joint *Plan of Reorganization Under Chapter 11 Of The Bankruptcy Code* [Docket No. 11] (the "Proposed Plan") on September 10, 2010.

10. Among other things, the Proposed Plan contemplates the consolidation of the two Debtors.

11. Further, in formulating the Proposed Plan, the Debtors attempted to propose treatment of the claim of BofA that the bank would accept.  From the Debtors'

perspective, the Proposed Plan proposes treatment of the claim of BofA which is more favorable that the bank otherwise might receive through a contested confirmation process.  In other words, the Debtors view the Proposed Plan and its contemplated treatment of BofA's claim as an "olive branch."

12. The Debtors jointly filed a proposed *Disclosure Statement with Respect to Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Docket No. 12] (the "**Proposed Disclosure Statement**") and a motion seeking approval thereof [Docket No. 15] on September 10, 2010.

13. BofA formally objected to the Proposed Disclosure Statement on October 12, 2010 [Docket No. 41].  In its objection, BofA not only challenged the adequacy of the Proposed Disclosure Statement, but further communicated its intent to oppose and object to confirmation of the Proposed Plan.  Through additional communications between counsel, BofA further informally objected to various aspects of the Proposed Plan including the proposed consolidation of the Debtors.

14. In light of BofA's objections and to permit the parties a reasonable opportunity to negotiate, the Debtors continued the hearing on the motion for approval of the Proposed Disclosure Statement.

15. Beginning in or about October 2010, the Debtors have engaged in serious, good faith negotiations with the bank.  Several proposed plan term sheets have been exchanged between the parties, and it appears that the Debtors and BofA are making progress toward agreeing upon a consensual plan.  These negotiations have been delayed, however, both by holiday and vacation absences of counsel and the parties as well as by BofA's efforts to obtain updated title reports, updated appraisals and other due diligence.

**IV.    RELIEF REQUESTED**

16.    The Debtors respectfully ask the Court to enter an order extending the Solicitation Period (as defined below) through and until September 4, 2011, a date that is approximately 180 days after the expiration of the current Solicitation Period.

17.    If granted, the extension of the Exclusive Period (as defined below) will be without prejudice to (i) the right of the Debtors to seek further extensions of the Exclusive Period or (ii) the right of any party in interest to seek to reduce the Exclusive Period for cause.

**V.    BASIS FOR RELIEF REQUESTED**

18.    Section 1121(b) of the Bankruptcy Code provides for an initial 120-day period after the order for relief under chapter 11 within which a debtor has the exclusive right to file a plan or plans of reorganization in its case (the "**Plan Period**").

19.    Bankruptcy Code section 1121(c) further prohibits any party-in-interest other than the debtor from filing a plan or soliciting acceptances of the plan unless (a) a trustee has been appointed, (b) the debtor has failed to file a plan prior to expiration of the Plan Period, or (c) "each class of claims or interest that is impaired under the plan" has not "accepted" the debtor's plan "before 180 days after the date of the order for relief" (the "**Solicitation Period**" and, together with the Plan Period, the "**Exclusive Period**").

20.    The Debtors filed their respective voluntary petitions for bankruptcy relief on September 9, 2010.

21.    No trustee has been appointed for either of the Debtors.

22.    The Debtor's filed a joint plan of reorganization together with a proposed disclosure statement on September 10, 2010, *i.e.*, well in advance of the expiration of the original Plan Period.

23. The Solicitation Period will continue through and until the date which is 180 days after the Petition Date, *i.e.*, March 7, 2011.

24. As such, absent an extension, the Exclusive Period during which no party-in-interest other than the Debtors may file and solicit acceptances of a plan will expire on March 7, 2011.

25. Under section 1121(d) of the Bankruptcy Code, the Court may extend the Exclusive Periods for cause. Specifically, section 1121(d) provides:

> [O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause ... increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

26. Courts have identified several key factors relevant to a determination of whether cause exists under section 1121(d) of the Bankruptcy Code, including:

   i. the size and complexity of a debtor's case;

   ii. the amount of time that has elapsed since the debtor filed its bankruptcy case;

   iii. whether unresolved contingencies exist affect the debtor's ability to reorganize;

   iv. the debtor's progress in resolving issues facing its estate; and

   v. whether an extension of time will harm the debtor's creditors or other interested parties.

See In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex 1996); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); see also In re Adelphia Comm. Corp., 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006).

27.     In determining whether to grant a requested extension of exclusivity, courts also consider whether a debtor has had a reasonable opportunity to negotiate an acceptable plan with various interested parties and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors.  See McLean, 87 B.R. at 833-34; In re Texaco, Inc., 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

28.     In evaluating whether an extension under section 1121(d) of the Bankruptcy Code is warranted, courts are given maximum flexibility to review the particular facts and circumstances of each case.  See In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) ("[A]pplying the 'flexibility' in dealing with the question of extension of exclusivity which the cases suggest . . . , we hold that debtor has shown cause for the extension."); In re Pub. Serv. Co., 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent [is] to promote maximum flexibility."); H.R. Rep. No. 95-595, at 232 (1978) ("[T]he bill allows the flexibility for individual cases that is unavailable today."), reprinted in 1978 U.S.C.C.A.N. 5963, 6191.

29.     Extension of the Exclusive Period is warranted here because, among other things:

    a.     Although this is not a huge case, the issues relating to the treatment of BofA's claims against the Debtors are complex, have required substantial negotiation, and require further negotiation and/or litigation to resolve.

    b.     This is not a case which has been pending for a significant period. Less than one hundred eighty days have passed since the Petition Date.  This is the Debtors' first request to extend the Exclusive Period, and the Debtors are requesting an extension of only one hundred eighty (180) days.  Even if the Debtors use the full extended Exclusive Period, the Plan still should be confirmed prior to the one year anniversary of the Petition Date.

      c.      Further, this is not a case in which the Debtors have ignored their obligation to formulate and obtain confirmation of a Plan.  Indeed, the Debtors filed a proposed plan or reorganization and proposed disclosure statement very early in this Case.  Only because BofA voiced serious opposition and objection to both the plan and disclosure statement have the Debtors delayed proceeding with confirmation.  The Debtors have delayed proceeding with confirmation in the hope that they could negotiate an amended plan that is satisfactory to BofA.  The Debtors and BofA have had substantial negotiations about the terms of a modified plan, and the Debtors and BofA still continue to negotiate.

      d.      The requested extension of the Exclusive Period is, at least in part, a response to BofA's objections.  The Debtors have engaged in very serious and good faith negotiations with BofA with the aim of achieving a stipulated or consensual plan.  The Debtors and BofA have made substantial progress toward a compromise, and the Debtors remain optimistic that an accord may be achieved.

      e.      To the extent the Debtors are unable to reach an accord with BofA, at least one unresolved contingency affects the Debtors ability to reorganize.  Specifically, the existing joint plan filed by the Debtors proposes consolidation of the Debtors.  BofA has objected to plan consolidation of the Debtors.  If the issue will be contested, the Debtors believe it is in the best interests of creditors and their estates to resolve the question prior to moving forward with plan confirmation.  As such, to the extent the Debtors are unable to reach agreement with BofA, they will be filing a joint motion for substantive consolidation.  The Court's ruling on the question of substantive consolidation will inform and guide the Debtors in finalizing their plan and disclosure statement.

  f. As described above, unresolved questions affect the Debtors' ability to reorganize.

  g. The Debtors have acted diligently in resolving these issues.

  h. First, the Debtors have engaged in good faith negotiations with BofA. While these negotiations have not yet resulted in success some progress has been made, and the Debtors remain optimistic that they may be able to negotiate consensual plan treatment of BofA's claims.

  i. Second, the Debtors have filed (or, if negotiations have not resulted in accord, soon will file) a motion asking the Court to substantively consolidate the Debtors.

  j. The Debtors have made significant, good-faith progress in resolving many of the other issues facing the Debtor's estate, including (a) obtaining use of cash collateral, (b) streamlining the Debtor's business operations to cut expenses and increase profitability, (c) retaining and obtaining Court approval of real estate professionals to assist the Debtors in marketing and selling their real property, (d) entering into several contracts for the sale of the Debtors' real property, and (e) otherwise pursuing the orderly liquidation of the Debtors' assets.

  k. An extension of the Exclusive Period will give the Debtors a reasonable opportunity to continue negotiating with BofA.

  l. An extension of the Exclusive Period also will permit the Debtors, if necessary, (i) to file a motion for substantive consolidation and have it heard, and (ii) formulate a plan and organize evidentiary support capable of overcoming BofA's objections.

  m. The requested extension also will permit the Debtors to finalize settlement discussions with its many other creditors and, ultimately to propose and confirm a consensual plan without prejudicing any party in interest.

   n. There is no evidence that extending the Exclusive Period will harm the Debtors' creditors or their bankruptcy estates.

30. This Motion is the Debtors' first request for an extension of the Exclusive Period. It cannot reasonably be asserted that the Debtor is seeking an extension of the Exclusive Period to unfairly prejudice or pressure the Debtors' creditors. Indeed, the extension is, at least in part, a response to BofA's objections to the plan and disclosure statement that the Debtors originally filed and proposed.

31. As such, the extension requested by the Debtors is an exercise of prudent business judgment and an attempt to have adequate time to resolve the key questions in this Case, *i.e.*, the question of substantive consolidation, appropriate valuation of collateral, and fair treatment of secured claims and participation interests. Successful resolution of these predicate issues will permit the Debtors successfully to negotiate with other creditors.

32. In sum, the requested extension of the Exclusive Period will facilitate the Debtors' efforts to maximize the return to creditors by providing the Debtors with a full and fair opportunity to propose and seek acceptances of the Plan. The Debtors submit that the extension requested herein is calculated to, and is expected to, resolve objections and reduce the likelihood of litigation.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Debtors ask that this Court enter an Order:

*A.* GRANTING the Motion pursuant to section 1121 of the Bankruptcy Code;

*B.* extending both the Exclusive Period and the Solicitation Period through and until September 4, 2011; and

*C.* granting such other and further relief as the Court deems just and proper.

DATED this 25th day of February, 2011.

                **PARSONS KINGHORN HARRIS**

/s/  Matthew M. Boley
Matthew M. Boley
*Attorneys for* HRAF HOLDINGS, LLC

**RAY QUINNEY & NEBEKER**

/s/  Michael R. Johnson
Michael R. Johnson
*Attorneys for* HARBOR REAL ASSET FUND, LP