**The below described is SIGNED.**

**Dated: April 01, 2011**

_____
**R. KIMBALL MOSIER**
U.S. Bankruptcy Judge



_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>HRAF HOLDINGS, LLC, and<br>HARBOR REAL ASSET FUND, LP,<br><br>Debtors. | Bankruptcy No. 10-32433 (RKM)<br>Bankruptcy No. 10-32436 (RKM)<br><br>Jointly Administered under<br>Case No. 10-32433<br><br>Chapter 11 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING THE MOTION FOR ORDER AUTHORIZING HRAF HOLDINGS
TO SELL REAL PROPERTY (22 LOTS IN SLEEPY RIDGE SUBDIVISION)
FREE AND CLEAR OF LIENS AND INTERESTS**

The matter came before the Court on March 30, 2011 at 1:30 p.m. upon the *Motion For Order Authorizing HRAF Holdings to Sell Real Property (22 Lots in Sleepy Ridge Subdivision) Free and Clear of Liens and Interests*, dated February 17, 2011 [Docket No. 113] (the "**Sale Motion**") filed by HRAF Holdings, LLC (the "**Debtor**").

Matthew M. Boley and Steven C. Strong appeared on behalf of the Debtor. Michael R. Johnson appeared on behalf of Harbor Real Asset Fund, L.P. ("**Harbor**"). David E. Leta appeared on behalf of Bank of America, N.A. (the "**Bank**"). Craig B. Terry and David P. Billings appeared on behalf of D.R. Horton, Inc. ("**Horton**"). Other counsel and parties-in-interest entered their appearances on the record.

{00117378.DOC / 2 }

**Filed: 03/31/11**

In the Sale Motion, the Debtor requests entry of an order, pursuant to 11 U.S.C. §§ 363(b) and (f), authorizing the Debtor to sell, free and clear of any interest, twenty-two (22) single-family residential lots located in Orem City, Utah County, State of Utah (the "**Property**"), more particularly described as:

> All of Lots 115, 116, 118, 119, 121, 122, 123, 125, 126, 127, 128, 129, 130, 133, 134, 135, 139, 143, 146, 147, 150 and 151, THE LAKES AS SLEEPY RIDGE SUBDIVISION, PLAT B, PHASE 1, according to the official plat thereof on file and of record in the Office of the Recorder of and for Utah County, State of Utah.

At the hearing on the Sale Motion, the Court received the testimony of Ryan Relyea and the testimony of Boyd Martin by proffer, and without objection. The Debtor also offered, and the Court received, Exhibits 1 through 5.

Based upon the evidence received at the sale hearing, the statements of counsel and other matters of record, and having reviewed the pleadings and documents on file, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court **FINDS AND CONCLUDES** as follows:

A.   the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334;

B.   the Sale Motion presents a core proceeding pursuant to 28 U.S.C. § 157;

C.   notice of the Sale Motion, and of the hearing thereon, was sent to parties in interest in accordance with Federal Rule of Bankruptcy Procedure 2002(a)(2) and other applicable requirements, and such notice was adequate and proper within the meaning of 11 U.S.C. § 102(1);

D.   all objections to the Sale Motion have been withdrawn;

E.   as stated in the Sale Motion, Richmond American Homes of Utah, Inc. ("**Richmond**") committed to purchase the Property pursuant to the terms and conditions of that certain *Purchase and Sale Agreement*, dated January 25, 2011 (including addenda thereto, the "**Richmond Agreement**"), between the Debtor and Richmond, for a gross purchase price of $1,540,000;

F.   at the time the Sale Motion was filed, the purchase price reflected by the Richmond Agreement was the highest and best price offered for the Property and the Debtor, in the exercise of its business judgment, deemed the price to be a fair and reasonable and the proposed sale to be in the best interest of the Debtor's chapter 11 bankruptcy estate;

G.   prior to the hearing on the Sale Motion, however, the Debtor received a competing offer to purchase the Property pursuant to the terms and conditions of that certain *Contract of Sale* (including addenda thereto, the "**Horton Agreement**"), between the Debtor and Horton, for a gross purchase price of $1,672,000;

H.   accordingly, with the consent of both Richmond and Horton, the Debtor conducted an auction of the Property in the offices of its counsel, on March 30, 2011 at 11:00 a.m.;

I.   the auction was properly conducted, and the bid procedures proposed by the Debtor and approved by both Horton and Richmond were fair and reasonable;

J.   after bidding at the auction had closed, the Debtor, in the exercise of its business judgment, selected the bid of Horton (the "**Successful Bidder**") offering a gross purchase price of $1,716,000 as the highest and/or best bid for the Property (the "**Successful Bid**"), and the bid of Richmond (the "**Backup Bidder**") offering a gross purchase price of $1,694,000 as the next highest and/or next best bid for the Property (the "**Backup Bid**");

K.   the Debtor has exercised reasonable business judgment in selecting and approving the Successful Bid of Horton and the Backup Bid of Richmond;

L.   the sale of the Property to the Successful Bidder for the amount of the Successful Bid, on the terms and conditions more particularly described in the Horton Agreement, is in the best interests of the Debtor's chapter 11 bankruptcy estate;

{00117378.DOC / 2 }                               3

M. to the extent the Successful Bidder fails timely to pay the purchase price and make other deliveries necessary for closing, the sale of the Property to the Backup Bidder for the amount of the Backup Bid, on the terms and conditions more particularly described in the Richmond Agreement, is in the best interests of the Debtor's chapter 11 bankruptcy estate;

N. the amount of the Successful Bid (*i.e.*, $1,716,000) and, to the extent applicable, the amount of the Backup Bid (*i.e.*, $1,694,000) (as applicable, the "**Purchase Price**") is a fair and reasonable price for the Property;

O. a sound business purpose exists to authorize the sale of the Property to the Successful Bidder on the terms and conditions stated in the Horton Agreement and for the amount of the Successful Bid;

P. to the extent the Successful Bidder fails to close, a sound business purpose exists to authorize the sale of the Property to the Backup Bidder on the terms and conditions stated in the Richmond Agreement and for the amount of the Backup Bid;

Q. among other things, (i) based upon reasonable exercise of the Debtor's business judgment, a sound business reason exists for the proposed sale of the Property to the Successful Bidder and, if applicable, to the Backup Bidder; (ii) the consideration that will be paid by the Successful Bidder and, if applicable, the Backup Bidder represents the fair and reasonable value of the Property; (iii) the transaction has been proposed and negotiated in good faith; and (iv) adequate and reasonable notice was provided;

R. notice of the Sale Motion was given to all persons known to the Debtor who do or may claim a legal or equitable interest in the Property, as indicated by the Certificate of Service of record;

S. the holders of any actual or claimed interests in the Property either consent to the sale (by their failure to object or otherwise), have interests that are in

bona fide dispute, or could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest;

T.     one or more of the grounds delineated in 11 U.S.C. § 363(f) are present in the instant case and, therefore, the Debtor may sell the Property free and clear of any interest, lien or encumbrance in such Property of an entity other the bankruptcy estate;

U.     the Debtor has incurred or will incur costs of sale, property taxes, and customary prorations in connection with the proposed sale of the Property, as more particularly described in the Sale Motion;

V.     under the circumstances, the Debtor is entitled to recover from the proceeds of the sale of the Property an amount sufficient to pay (i) reasonable and customary closing costs and prorations incidental to the sale of the Property for which it is responsible under the Agreement, subject to review by the Bank of a closing settlement statement, and (ii) all ad valorem property taxes due in connection with the Property, including pro-rated 2011 property taxes estimated at closing;

W.     cause exists to order that the fourteen day stay otherwise applicable under Federal Rule of Bankruptcy Procedure 6004(h) should be waived in that, among other things, (i) all filed objections to the Sale Motion have been withdrawn or waived and, therefore, no party-in-interest has a right to appeal, (ii) the proposed sale is time sensitive, and (iii) a stay of the sale order would negatively impact the Debtor and the estate by increasing the expense and burden of the Property to the estate and causing a decrease in the net proceeds payable to the Debtor;

X.     the legal and factual bases set forth in the Sale Motion establish good cause for the relief granted herein;

Y.     the Sale Motion is well taken, and should be granted;

      Z.      there is no evidence of any collusion in connection with the negotiations for the purchase of the Property or the auction by the Debtor, Horton, Richmond or any other known persons;

      AA.     the Successful Bidder or, if applicable, the Backup Bidder (as applicable, the "**Buyer**") is purchasing the Property in good faith, and thus is entitled to the protections of Section 363(m) of the Bankruptcy Code; and

      BB.     the Court stated other findings of fact and conclusions of law on the record during the hearing on the Sale Motion, which findings and conclusions are incorporated herein by reference.

-------------------- END OF FINDINGS AND CONCLUSIONS --------------------