**The below described is SIGNED.**

Dated: January 12, 2012

        **R. KIMBALL MOSIER**
        **U.S. Bankruptcy Judge**



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>HRAF HOLDINGS, LLC, and<br>HARBOR REAL ASSET FUND, LP,<br><br>Debtors. | Bankruptcy No. 10-32433 (RKM)<br>Bankruptcy No. 10-32436 (RKM)<br><br>Jointly Administered under<br>Case No. 10-32433<br><br>Chapter 11 |

**FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION OF DEBTORS' FIRST AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, DATED SEPTEMBER 26, 2011**

      The matter before the Court is the *First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "**Plan**") [Docket No. 234] filed jointly by HRAF HOLDINGS, LLC and HARBOR REAL ASSET FUND, LP (collectively, the "**Debtors**") in this jointly administered bankruptcy case (collectively, the "**Bankruptcy Case**"). On January 12, 2012, the Court conducted a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**"). At the Confirmation Hearing, Matthew M. Boley appeared on behalf of Debtor HRAF HOLDINGS, LLC, Michael R. Johnson appeared

1166993                             1

on behalf of Debtor HARBOR REAL ASSET FUND, LP, and all other appearances were noted on the record. At the Confirmation Hearing, the Court received the testimony of Ryan Relyea, an authorized representative of the Debtors, by proffer, and the Debtors also offered, and the Court received, certain exhibits as evidence.

Having reviewed and considered the Plan, the *Declaration of Ryan Relyea* filed in support of the Plan [Docket No. 319], the *Supplemental Ballot Tabulation Register* (the "**Ballot Register**") [Docket No. 320], the *Memorandum of Law in Support of Confirmation of the Debtors' Joint Plan of Reorganization* [Docket No. 321], all other papers and pleadings filed either in support of or in opposition to the Plan, the representations of counsel and all testimony, exhibits and other evidence offered and received at the Confirmation Hearing, and all other relevant matters of record in the Case, having independently inquired into the legal sufficiency of the evidence adduced, and for good cause appearing, the Court hereby **FINDS AND CONCLUDES** as follows:[1]

    A.    <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>. This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

---

[1] For purposes of construction, all findings of fact shall be construed as conclusions of law and all conclusions of law shall be construed as findings of fact, when appropriate and if the context so requires. <u>See</u> Fed. R. Bankr. P. 7052.

[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

1166993    2

B.  <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Bankruptcy Case as maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at all hearings held before the Court during the pendency of the Bankruptcy Case.

C.  <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan were given to all known holders of Claims and Equity Interests (hereinafter, "**Interests**") in accordance with the Bankruptcy Rules, and any applicable orders or local rules of the Court.  The Disclosure Statement, Plan, relevant ballots and other solicitation materials, if any, were transmitted and served in substantial compliance with the Bankruptcy Rules and any orders or local rules of the Court upon Creditors and holders of Interests entitled to vote on the Plan, and such transmittal and service were adequate and sufficient.  No other or further notice of the Plan or Confirmation Hearing is or shall be required.

D.  <u>Solicitation</u>.  The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, all applicable orders or local rules of the

---

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

1166993

3

Court, and all other rules, laws, and regulations. Based upon the record before the Court, the Debtors have acted in "good faith" within the meaning of § 1125, and they are entitled to the protections afforded by § 1125(e).

E.  <u>Distribution</u>.  All procedures and methods used to distribute the solicitation materials to the applicable holders of Claims and Interests and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Court, and all other rules, laws, and regulations.

F.  <u>Compliance with § 1129(a)(1)</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code, including, without limitation, as follows:

i.  As required by §§ 1122 and 1123(a)(1) of the Bankruptcy Code, the Plan, in Article 3, properly designates classes of Claims and Interests and classifies only substantially similar Claims and Interests in the same Classes pursuant to § 1122 of the Bankruptcy Code. Moreover, Article 3 of the Plan separately classifies Claims and Interests of Harbor and HRAF. In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Plan, the Plan designates various separate Classes of Claims and Interests based upon differences in their legal nature or priority. Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests under the Plan. Finally, the Classes do not unfairly discriminate between holders of Claims or Interests.

ii.  Section 1123(a)(2) of the Bankruptcy Code does not apply because there are no unimpaired Classes under the Plan.

1166993                                          4

   iii. As required by § 1123(a)(3) of the Bankruptcy Code, the Plan, in Article 4, identifies all Classes that are impaired, and it further specifies the treatment of such Classes.

   iv. As required by § 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim or Interest in each particular Class.

   v. As required by § 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for its implementation as set forth in Article 5 of the Plan. In general, the Plan provides for the consolidation of the separate estates of the Debtors, and for the liquidation of the assets of the consolidated, Reorganized Debtor in order to satisfy all Allowed Claims and Interests.

   vi. Section 1123(a)(6) of the Bankruptcy Code is not applicable to the Plan as the Debtors are not corporations, and there is no corporation referred to in paragraph (5)(B) or (5)(C) of § 1123(a) of the Bankruptcy Code under the Plan.

   vii. As required by § 1123(a)(7) of the Bankruptcy Code, the terms of the Plan are consistent with the interests of Creditors and Interest holders and with public policy.

   viii. Section 1123(a)(8) of the Bankruptcy Code is not applicable as the Debtors are not individuals.

 G. <u>Compliance with § 1129(a)(2)</u>. As required by § 1129(a)(2) of the Bankruptcy Code, the Debtors have complied with the applicable provisions of the Bankruptcy Code.

1166993              5

H.     Compliance with § 1129(a)(3). The Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of § 1129(a)(3) of the Bankruptcy Code. The Debtors have proposed the Plan with the legitimate and honest purposes of, among other things, reaching a fair, equitable, and expeditious resolution of the complex business and legal issues presented by this Bankruptcy Case. Further, there is a reasonable likelihood that the Plan will achieve its intended results which are consistent with the purposes of the Bankruptcy Code. Finally, the Plan is feasible and practical, and likely will enable the Debtors to pay their debts.

I.     Compliance with § 1129(a)(4). Pursuant to Orders previously entered by the Court in this Bankruptcy Case approving the retention of professionals, all payments made or to be made by the Debtors for services rendered or for costs and expenses incurred in connection with this case, or in connection with the Plan and incident to this case, are subject to the approval of the Court as reasonable. Accordingly, the Plan complies with § 1129(a)(4) of the Bankruptcy Code.

J.     Compliance with § 1129(a)(5). In compliance with § 1129(a)(5) of the Bankruptcy Code, the Debtors have disclosed the identity, affiliation and relationship between Debtor Harbor Real Asset Fund, LP and Debtor HRAF Holdings, LLC. Further, the Plan discloses in Article 5.8 that the Debtors' separate estates will be consolidated under the Plan, and Article 5.8 further provides substantial details on the effects of such consolidation.

    i.  The Debtors have disclosed the identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Reorganized Debtor, an affiliate participating in a joint plan with either of the Debtors, or a successor of the Debtor under the Plan.  With respect to compensation, Harbor Capital Partners, which is the managing general partner of Debtor Harbor Real Asset Fund, LP and the managing member of Debtor HRAF Holdings, LLC, will continue to serve in those capacities post-confirmation without compensation unless and until all Allowed Claims are paid in full.

    ii.  The Debtors' relationship with one another, and their relationship with Harbor Capital Partners, is consistent with the interests of Creditors and Interest holders and with public policy.

  K.  <u>Compliance with § 1129(a)(6)</u>.  No governmental regulatory commission has jurisdiction over the approval of the rates of either of the Debtors.  Thus, § 1129(a)(6) of the Bankruptcy Code is inapplicable.

  L.  <u>Compliance with § 1129(a)(7): Best Interest of Creditors</u>.  As required by § 1129(a)(7) of the Bankruptcy Code and based upon the evidence presented to the Court at the Confirmation Hearing and the results set forth in the Ballot Register, and with respect to each impaired Class of Claims or Interests under the Plan, (a) each holder of a Claim or Interest of such Class has either accepted the Plan, or will receive or retain under the Plan on account of their Claims or Interests property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would

1166993        7

receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code, and (b) while no creditor has made an election under § 1111(b)(2), each holder of a Claim subject to § 1111(b) will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the value of such holder's interest in the estate's interest in the property securing their claim.

      M.      <u>Compliance with § 1129(a)(8)</u>. As shown by the Ballot Register, only the following Classes rejected the Plan: (a) Class 4 (secured claim of Columbia County); (b) Class 18 (miscellaneous secured claims of HRAF, consisting of claims of Kevin Dicks, Kay Priest and Chason W. Mitchell); (c) Class 20 (secured claim of Kenneth and Richelle Patey); and (d) Class 23 (general unsecured claims of Harbor). Classes 2, 3, 5, 7, 10, 16, 19, 21, 24, 25 and 26 affirmatively voted for and accepted the Plan. No ballots were received from the holders of Claims or Interests within Classes 1, 6, 8, 9, 11, 12, 13, 14, 15, 17, 22 and 27. No objections were filed by any holders of Claims or Interests within Classes 1, 6, 8, 9, 11, 12, 13, 14, 15, 17, 22 and 27 either. As such, Classes 1, 6, 8, 9, 11, 12, 13, 14, 15, 17, 22 and 27 are deemed to have accepted the Plan. <u>See, e.g.,</u> <u>In re Ruti-Sweetwater, Inc.</u>, 836 F.2d 1263, 1267-68 (10th Cir. 1988).

           i.      With respect to the Classes of secured Claims voting against the Plan (Class 4, Class 18 and Class 20), the Plan can be crammed down upon such Classes pursuant to § 1129(b)(1) of the Bankruptcy Code because the Plan does not discriminate unfairly with respect to the holders of Claims in these Classes, and is fair and equitable to the holders of such Claims. Specifically, and consistent with

§1129(b)(2)(A)(ii) of the Bankruptcy Code, the Plan provides that any property that is subject to or encumbered by the liens securing the Claims of creditors in these Classes will be sold, free and clear of liens and with such liens to attach to the proceeds of the sale, and for payment of Claims in these classes out of the proceeds of the sales in the manner authorized by § 1129(b)(2)(A)(i) of the Bankruptcy Code.

   ii.  With respect to the holders of Claims in Class 23, which is the class of general unsecured creditors of Harbor, the Plan can be crammed down upon this Class pursuant to § 1129(b)(1) of the Bankruptcy Code because the Plan does not discriminate unfairly with respect to the holders of Claims in this Class, and is fair and equitable to the holders of such Claims. Specifically, and consistent with §1129(b)(2)(B)(ii) of the Bankruptcy Code, the Plan provides that the holder of any Claim or Interest that is junior in priority to the holders of Claims in Class 23 will not receive or retain anything under the Plan unless and until the Allowed Claims of the holders of Claims in Class 23 are paid in full.

 N.  <u>Compliance with § 1129(a)(9)</u>.  The Plan provides, in Article 2, for the treatment of administrative and priority Claimants in accordance with the requirements of § 1129(a)(9) of the Bankruptcy Code (except to the extent that a holder agrees otherwise).

 O.  <u>Compliance with § 1129(a)(10)</u>.  The Plan complies with § 1129(a)(10) of the Bankruptcy Code because, as shown by the Ballot Register and the other evidence adduced at the Confirmation hearing, at least one Class of Claims that is impaired

under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

P. <u>Compliance with § 1129(a)(11)</u>. Based upon the evidence adduced at the Confirmation Hearing, the Plan is feasible and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors, except as expressly provided for in the Plan. The Plan expressly provides for the orderly liquidation of all assets of the Debtors.

Q. <u>Compliance with § 1129(a)(12)</u>. All fees payable under 28 U.S.C. § 1930 have been paid and/or the Plan provides for the payment of all such fees on the effective date of the Plan.

R. <u>Compliance with § 1129(a)(13)</u>. The Debtors have no retiree benefits subject to § 1114 of the Bankruptcy Code. Therefore § 1129(a)(13) of the Bankruptcy Code is inapplicable.

S. <u>Compliance with § 1129(a)(14)</u>. The Debtors have no domestic support obligations. Therefore § 1129(a)(14) of the Bankruptcy Code is inapplicable.

T. <u>Compliance with § 1129(a)(15)</u>. Neither of the Debtors is an individual. Therefore § 1129(a)(15) of the Bankruptcy Code is inapplicable.

U. <u>Compliance with § 1129(a)(16)</u>. The Plan complies with § 1129(a)(16) of the Bankruptcy Code because any transfers of assets to be made under the Plan will be made in accordance with any applicable non-bankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial

corporation or trust.  Further, the Plan, at Article 5.12, generally provides that all sales of assets by the Reorganized Debtor after the Effective Date of the Plan will be sales free and clear of liens, claims and interests pursuant to §§ 363(f) and 1123(a)(5)(D), with valid liens and interests to attach to the proceeds, and it also provides other details regarding the liquidation of assets under the Plan.

V.   Compliance with § 1129(b).  As set forth above, and as shown by the Ballot Register, while four Classes of Claims have rejected the Plan (those Classes being Class 4, Class 18, Class 20 and Class 23), the Plan can be crammed down on the holders of Claims in the rejecting Classes.  Classes 4, 18 and 20 are Classes of secured claims, and the Plan can be crammed down on the holders of Claims in these Classes pursuant to § 1129(b)(2)(A)(ii) of the Bankruptcy Code.  Class 23 is a Class of unsecured claims, and the Plan can be crammed down on the holders of Claims in this Class pursuant to § 1129(b)(2)(b)(ii) of the Bankruptcy Code.  Thus, the Plan is fair and equitable to the holder of Claims in these Classes, and does not discriminate unfairly against the holders of such Claims.

W.   Compliance with § 1129(c).  No other Chapter 11 plan has been confirmed in this Bankruptcy Case and, therefore, the Plan complies with § 1129(c) of the Bankruptcy Code.

X.   Compliance with § 1129(d).  The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of § 5 of the Securities Act

of 1933, as amended, and, therefore, the Plan complies with § 1129(d) of the Bankruptcy Code.

Y.  <u>Compliance with § 1129(e)</u>.  This Bankruptcy Case is not a small business case, so § 1129(e) is inapplicable to confirmation of the Plan.

Z.  <u>Compliance with Bankruptcy Rule 3016(a)</u>.  The Plan is dated, and it identifies the Debtors as the proponents, as required by Federal Rule of Bankruptcy Procedure 3016(a).

AA.  <u>Debtors are Proper Proponents</u>.  The Debtors are proper proponents of the Plan under § 1121(c).

BB.  <u>Incorporation of Other Findings</u>.  The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

CC.  <u>Plan Should be Confirmed</u>.  In summary, the Plan complies with, and the Debtors have satisfied, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.

------------------------------------- END OF DOCUMENT -------------------------------------

